IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARVIN EDUARDO LUNA GOMEZ,

    Plaintiff,

    v.                                                         Civil Action No. 3:20cv817

NINETEENTH JUDICIAL
CIRCUIT OF VIRGINIA, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Marvin Eduardo Luna Gomez, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on March 16, 2021, the Court directed Gomez to file a Particularized Complaint. (ECF No. 13.)[2] In the March 16, 2021 Memorandum Order, the Court warned Gomez that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the March 16, 2021 Memorandum Order, the Court would dismiss all defendants not properly joined with the first named defendant. (*Id.* at 3.) Gomez filed a Particularized Complaint. (ECF No. 14.) Gomez then filed amendments to the Particularized Complaint, (ECF No. 17), which the Court construed as a Motion to Amend

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and capitalization in the quotations from Gomez's submissions.

the Particularized Complaint and subsequently denied, (ECF No. 19.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Federal Rule of Civil Procedure 20(a),[3] and Gomez's compliance with the Court's March 16, 2021 Memorandum Order.

## I. Standard of Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the

---

[3] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and[,]
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

2

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Joinder

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person— say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed

4

to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11cv130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

### III. Dismissal of Improperly Joined Claims

In his Particularized Complaint, Gomez names seventeen defendants ranging from the judges who presided over his criminal trial to various jail officials involved in his incarceration in the Fairfax County Adult Detention Center. (ECF No. 14, at 3.) Gomez has made little effort to comply with the joinder requirements. Instead, Gomez has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *7 (E.D. Va. Mar. 1, 2010) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Accordingly, the Court now proceeds with the analysis outlined in the March 16, 2021 Memorandum Order, and the Court will drop all defendants not properly joined with the first named defendant in the body of the Particularized Complaint.[4] (*See* ECF No. 13, at 3.)

---

[4] "Such a procedure fosters the objectives of the Rules of Civil Procedure[] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson*, 2010 WL 724023, at *8 n.10 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).

5

The first named defendant in the body of the Particularized Complaint is Blake Woodson, his attorney for his criminal prosecution in the Circuit Court for the County of Fairfax. (ECF No. 14, at 4.) The only other defendants properly joined with Gomez's claims against Defendant Woodson are the prosecutors, defense counsel, and judges from his criminal prosecution. Gomez's claims against these individuals all at least arguably arise from the same transaction or occurrence as Gomez's claims against Woodson—Gomez's criminal trial. *See Saval*, 710 F.2d at 1031. Specifically, the eight properly joined defendants are: M.J. Undner and Robert J. Smith, Circuit Court Judges for the Circuit Court for the County of Fairfax; Marcus Green, Raissa Wilbur, Katheleen M. Bilton, and Lauren E. Hahn, prosecutors in Gomez's criminal case; and Blake Woodson and Kimberly Phillips, Gomez's defense counsel. (*See* ECF No. 14, at 3.) Accordingly, all claims against the remaining defendants will be DISMISSED WITHOUT PREJUDICE.

### IV. Summary of the Remaining Allegations

With respect to the remaining eight defendants, Gomez alleges, in pertinent part that these individuals violated his:

> right to counsel, the right to withdraw counsel with or without a cause at any time, the right to withdraw guilty plea, the right to fair trial, the right to appeal. Also as stated violated the 8th Amendment, kept me from my right to freedom, coerced a guilty plea, falsified guilty document to convict me, cruel and unusual punishment by coercion and constructive conviction . . . .

(ECF No. 14, at 13.)

### V. Analysis

The Court need not engage in an extended discussion of the lack of merit of Gomez's claims for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Gomez's

6

Particularized Complaint will be DISMISSED for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

### A. Claims Against Defense Counsel

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, Gomez's claims against his defense counsel, Blake Woodson and Kimberly Phillips, will be DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

### B. Claims Against Judges

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09cv012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action he [or she] took was in

error, was done maliciously, or was in excess of his [or her] authority . . . ." *Stump*, 435 U.S. at 356. This immunity extends to magistrates in Virginia. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citation omitted) (noting that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity"). Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). Gomez's allegations fail to indicate that either exception applies in this instance. Accordingly, all claims against M.J. Undner and Robert J. Smith will be DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

### C. Claims Against Prosecutors

Prosecutorial immunity bars Gomez's claims against his prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and those which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Gomez fails to plead facts plausibly suggesting that prosecutors' actions were taken outside of their role as advocates for the state in his criminal prosecution. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity

extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) (explaining that "although the trial had been completed, [the prosecutor's] functions in representing the State in . . . post-conviction motions . . . very much implicated the judicial process"). Thus, prosecutorial immunity bars Gomez's claims against his prosecutors. Accordingly, all claims against Marcus Green, Raissa Wilbur, Katheleen M. Bilton, and Lauren E. Hahn will be DISMISSED for failure to state a claim and as legally frivolous.

## VI. Conclusion

Gomez's claims against M.J. Undner, Robert J. Smith, Marcus Green, Raissa Wilbur, Katheleen M. Bilton, Lauren E. Hahn, Blake Woodson, and Kimberly Phillips will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous. Gomez's claims against the other defendants will be DISMISSED WITHOUT PREJUDICE as improperly joined. The action will be DISMISSED for failure to state a claim and as legally frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 11-23-21
Richmond, Virginia